UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DONALD MERCADO,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:13CV794 HEA |
| | ) |
| **TERRY RUSSELL,** | ) |
| | ) |
| Respondent. | |

## OPINION, MEMORANDUM AND ORDER

### Introduction

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1]. Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 10]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons explained below, Respondent's' Response is well taken and the petition will be denied.

### Procedural Background

On November 13, 2008, Petitioner pled guilty to seven counts of assault of a law enforcement officer in the second degree and one count of resisting or interfering with arrest, detention or stop. Petitioner was sentenced, execution being

suspended, by the Circuit Court of the City of St. Louis, to 5 years imprisonment on the first count of assault of a law enforcement officer in the second degree and placed on probation for two years. The court suspended imposition of sentence for the remaining six counts of assault of a law enforcement officer in the second degree and one count of resisting or interfering with arrest, detention or stop and placed Petitioner on probation for three years. On April 1, 2011, Petitioner pled guilty to one count of theft/stealing of property valued at more than $500, but less than $25,000, one count of resisting or interfering with arrest, detention or stop and one count of first-degree trespass. The Circuit Court of the City of St. Louis sentenced Petitioner to consecutive terms of imprisonment of seven years for the theft/stealing and resisting or interfering with arrest, detention or stop count and 60 days for the first degree trespass. The probationary period on the 2008 convictions was revoked. The Court ordered the sentences from the 2008 guilty pleas to be executed and served concurrently with the 2011 sentence. Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief relative both cases on August 29, 2011. A timely amended motion for post-conviction was filed on September 27, 2011. On December 26, 2011 another amended motion for post-conviction relief was filed which asserted an insufficient basis for the guilty plea as

a basis for relief. On January 6, 2012 the Missouri state trial court entered findings of fact and conclusions of law denying the post-conviction relief motion of Mr. Mercado. Mercado, thereafter, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals, *ED98066* (November 20, 2012), affirmed the ruling of the trial court and rejected Petitioner's claim.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on April 22, 201. Petitioner alleges that his Due Process rights under the Fifth and Fourteenth Amendments were violated because there was an insufficient factual basis upon which to accept his guilty pleas for seven counts of second-degree assault of a law enforcement officer.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

> law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Discussion

Petitioner, here, alleges that his Due Process rights under the Fifth and Fourteenth Amendments were violated because there was an insufficient factual basis upon which to accept his guilty pleas for seven counts of second-degree assault of a law enforcement officer. Petitioner's claim specifically challenges the factual basis and/or sufficiency of evidence that the law enforcement officers were "in apprehension of immediate serious physical injury" as required to prove

second-degree assault of a law enforcement officer. Both Missouri state law and federal law require a factual basis in order for a trial court to enter a judgment on a plea. This is not a Constitutional requirement. *See* Missouri Rule 24.02(e) and FRCP 11(b) (3) . If there were to be a finding that the court failed to adhere to the state rule requiring a factual basis for a guilty plea, Petitioner would not have been denied due process because it was his voluntary act of pleading guilty that resulted in his deprivation of liberty and not the rule violation itself. *See Cranford v. A.L. Lockhart*, 975 F.2d 1347, 1349 (8th Cir. 1992).

In its November 20, 2012 Memorandum, the Missouri Court of Appeals held that "[t]he motion court's finding that the State's recitation of the evidence provided a sufficient factual basis for the office of second-degree assault upon the officers is not clearly erroneous." At the colloquy of the plea the State set forth the facts which satisfied the elements of the seven counts of second-degree assault on a law enforcement officer as they would be established according to the information filed in lieu of superseding indictment. Petitioner admitted at his plea hearing that the "nature of the charge" had been explained to him and he admitted guilt. The Missouri Court of Appeals, Eastern District of Missouri, found that "[t]he information in this case clearly charged [Petitioner] with all of the elements of second-degree assault".

The decision of the Missouri Court of Appeals rejecting Petitioner's claim that his Due Process rights under the Fifth and Fourteenth Amendments were violated because there was an insufficient factual basis upon which to accept his guilty pleas was objectively reasonable and consistent with a reasonable application of *Cranford v. A.L. Lockhart*, 975 F.2d 1347 (8th Cir. 1992) and *Jackson v. Virginia*, 443 U.S. 307 (1979).

## Conclusion

The state courts' rulings with respect to Ground One were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of June, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE